## Peerless Pattern Company, Defendant in Error, v. William W. Barthen, Plaintiff in Error.

### Gen. No. 21,169.   (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. JOHN A. MA-HONEY, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1915. Reversed and remanded. Opinion filed June 19, 1916.

### Statement of the Case.

Action by Peerless Pattern Company, a corporation, plaintiff, against William W. Barthen, defendant, to recover damages for an alleged breach of contract for the purchase of goods. From a judgment for plaintiff for $483, defendant brings error.

A contract was entered into between the parties on January 6, 1910, whereby the defendant agreed to purchase dress patterns, fashion books and fashion guides from plaintiff for a period of three years from date of first shipment to defendant. At the time this contract was entered into, plaintiff delivered to defendant $255 worth of goods. A credit of $55, which had been previously agreed upon between the parties, was allowed on this $255, leaving a balance of $200 which, under the contract, was to be considered as a "standing debit," and was to draw interest at the rate of four per cent. per annum throughout the term of the contract, after the expiration of which, all conditions having been fulfilled, defendant could, under section 8 of the agreement, return all "live patterns in good saleable condition," at the original purchase price, in payment of the foregoing standing debit.

On June 18, 1910 (about four and one-half months after entering into the aforesaid contract), defendant notified plaintiff of his intention to discontinue handling its line of patterns, and returned his entire stock

to the plaintiff (including the four-section pattern case furnished by the plaintiff to him), in payment of the standing debit of $200. The property was received by plaintiff and credit given defendant for $208.80 on "discard account," as indicated by a statement of September 1, 1910, rendered defendant.

Plaintiff's action was for the standing debit of $200, with interest thereon at four per cent. per annum, and for minimum damages sustained by reason of plaintiff's alleged breach of the contract.

It was urged that plaintiff's claim of minimum damages, which was allowed by the jury and upheld by the court, was based upon a palpable misconstruction of section 2 of the contract, wherein plaintiff was authorized to ship defendant "an assortment of new Peerless Patterns as issued at 5 cents each, not to exceed an average of $10.00 a month, *one each size of every new pattern issued except 32 bust.*" (The portion in italics was written in pen and ink, and the remainder was printed.) Plaintiff contended that, under the section just quoted, defendant was bound to purchase at least $10 worth of patterns each month in any event.

Defendant further contended that the court in its instructions to the jury erroneously permitted a recovery for the $200 representing the standing debit provided for in the contract. Under the provisions of the contract, defendant was to have on hand at all times a full assortment of patterns, and at the conclusion of the contract, the terms having been complied with, defendant had the right to return all live patterns and receive full allowance therefor. This provision was not peculiar to the defendant but was general and applied to all with whom the plaintiff dealt. Within four and one-half months defendant returned all patterns and also the cases in which they were contained, and wrote a letter indicating that the defendant did not intend to continue with the contract, and that it would be useless for plaintiff to send the

patterns back or endeavor to send any new patterns. Plaintiff, on September 1st, and again during October, sent a statement to the defendant wherein defendant was given credit for $208.80, representing the amount of the patterns returned, on the discard account.

NEWMAN, POPPENHUSEN & STERN, for plaintiff in error; EDWARD R. JOHNSTON, of counsel.

H. G. COLSON, for defendant in error.

MR. PRESIDING JUSTICE PAM delivered the opinion of the court.

## Abstract of the Decision.

1. CONTRACTS, § 171*—*construction as a whole.* The entire language of a contract should be construed together.

2. CONTRACTS, § 196*—*when written clause prevails over printed clause.* Where a written and printed clause conflict, the former prevails.

3. CONTRACTS, § 196*—*how contract for purchase of goods containing written and printed clauses construed.* A contract for the sale of dress patterns, fashion books and fashion guides wherein the seller was authorized to ship the purchaser "an assortment of new Peerless Patterns" to be "issued at 5 cents each, not to exceed an average of $10.00 per month, *one each size of every new pattern issued except 32 bust,*" the portion in italics being written and the remainder printed, construed as controlling and as obligating the purchaser to purchase patterns of the value of $10 monthly only if the value of new patterns except 32 bust amounted to such sum each month.

4. CONTRACTS, § 384*—*when evidence sufficient to sustain finding that purchaser of patterns returned them for credit on standing debit.* In an action for an alleged breach of a contract to purchase patterns and fashion guides for a certain period under which goods of a certain value were to be considered as a standing debit and to draw interest throughout the term of the contract, after the expiration of which, all conditions having been fulfilled, the defendant could return all "live patterns in good saleable condition" at the original purchase price, in payment of the standing debit, evidence *held* sufficient to sustain a finding that when the purchaser re-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

turned the pattern shortly after entering into the contract he intended to return them for credit on the standing debit and not on the "discard account."

5. Damages, § 66*—*what recoverable for breach of contract to purchase goods for definite period.* In an action for alleged breach of a contract to purchase patterns and fashion guides for a definite period, under which goods of a certain value were to be considered as a standing debit and to draw interest throughout the term of the contract, after the expiration of which, all conditions having been fulfilled, the defendant could return all "live patterns in good saleable condition" at the original purchase price, in payment of the standing debit, where defendant rescinded the contract and returned the patterns on hand shortly after the beginning of the term of the contract with the intention that credit be given him on the standing debit, *held* that plaintiff was entitled to recover the interest on the standing debit only during the period that the goods were retained and also, as minimum damages, its loss of profits sustained as a result of the failure of the defendant to purchase new patterns and as a result of the failure to order fashion guides in such numbers as were provided for in the contract.